# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE L. FAUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-CV-425-SAJ |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration,[1/] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER[2/]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Ronnie L. Fautt ("Plaintiff") appeals the decision of the Commissioner denying him Supplemental Security Income benefits under Title XVI of the Social Security Act. Plaintiff asserts that the Administrative Law Judge ("ALJ") erred by failing to include all of Plaintiff's physical and mental limitations in the residual functional capacity ("RFC") assessment. For the reasons discussed below, the Court hereby affirms the decision of the Commissioner.

### 1. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on October 21, 1956, and was 50 years old at the time of the ALJ's denial decision in 2006. (R. 14, 47). He has a high school education. He has past relevant work experience as a concrete finisher, lawn maintenance worker, and car sales person. (R. 14, 48, 56, 63, 238). He alleges that he became unable to perform his past relevant

---

[1/] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g) of the Social Security Act.

[2/] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

work, or any other work, on a regular and continuing basis since July 1, 2000, due to problems with his back, stomach, right knee, hands, elbows, shoulder, vision, hearing, headaches, heart, stroke, as well as depression and anxiety. (R. 14).

Plaintiff filed his application for supplemental income benefits on August 1, 2004. (R. 64-65). After he was denied benefits at the initial and reconsideration levels, he filed a untimely Request for Hearing, but the ALJ, Gene M. Kelly, found that good cause existed not to set aside the Request. (R. 97, 235). ALJ Kelly held the hearing on October 12, 2006 (R. 230-272) and issued an unfavorable decision on December 22, 2006. (R. 11-24). Plaintiff filed a timely Request for Review with the Appeals Council and the Appeals Council denied Plaintiff's request on May 29, 2007. (R. 4-6). Plaintiff now seeks judicial review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment .
> . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[3]

---

[3] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two

2

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750.

---

requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

"The finding of the Secretary[4/] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750. This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3. ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ found that Plaintiff had the following impairments: problems with his back, stomach, right knee, hands, elbows, shoulder, vision, hearing, headaches, heart, stroke, as well as depression and anxiety. (R. 14). However, the ALJ determined that these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404. Subpt. P, App. 1. (*Id.*) The ALJ found that Plaintiff had the RFC to occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; Plaintiff could stand and/or walk for at least 6 hours out of an 8-hour day at 30 minute intervals; and Plaintiff could sit at least 6 hours out of an 8-hour workday at 30 minute intervals. The ALJ also

---

[4/] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

found that Plaintiff could occasionally climb, bend, stoop, squat, kneel, crouch, crawl, operate foot controls, push and/or pull, and reach overhead.

The ALJ also determined that Plaintiff would require an environment with low noise and low light. Plaintiff would be unable to perform work activity requiring fine vision and should avoid the telephone; temperature extremes; rough, uneven surfaces; unprotected heights; and fast and dangerous machinery. In addition, Plaintiff would need easy access to the restroom. The ALJ also found that due to Plaintiff's symptoms of depression and anxiety, he would be limited to simple, routine, repetitive tasks and should be slightly limited in contact with the public, coworkers, and supervisors. (R. 15).

Further, the ALJ found that even though Plaintiff is afflicted with symptoms from a variety of sources, to include mild to moderate chronic pain, that are sufficiently severe as to be noticeable to him at all times; he would nevertheless be able to remain attentive and responsive in a work setting, and could carry out normal work assignments satisfactorily. (*Id.*) In so finding, the ALJ opined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. (R. 16). He deemed Plaintiff unable to perform any past relevant work, but other jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 19-21). Accordingly, he concluded that Plaintiff was not under a "disability" as defined in the Social Security Act, from August 1, 2004 through the date of his decision, February 22, 2006. (R. 22).

## 4. REVIEW

**A.     Physical Residual Capacity Assessment**

Plaintiff argues that the ALJ failed to correctly determine an RFC for Plaintiff that included all of his limitations. Specifically, Plaintiff argues that the ALJ erred in determining that Plaintiff retained the RFC for a range of light level exertional work. Plaintiff relies on a letter dated June 6, 2006 from Dr. Robert Lawson, D.O., Medical Director of the Indian Health Care Resource Center. Plaintiff argues the letter specifically points out his physical limitations and that the limitations were later repeated by the physician's assistant who regularly saw Plaintiff. The ALJ did consider the opinion of the physician's assistant, but found that Dr. Lawson adopted the same findings as the physician's assistant. (R. 182-87).[5]

The "treating physician rule" requires that the Commissioner generally give more weight to medical opinions from a treating source than to that of a non-treating source. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). "The ALJ is required to give controlling weight to the opinion of a treating physician as long as the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)); *see Langley*, 373 F.3d at 1118; *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

---

[5] Under the applicable regulations, opinions and evidence from "other sources" such as physician's assistants and therapists cannot establish the existence of a medically determinable impairment but "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function. *Title XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims*, SSR 06-03p, 2006 WL 2329939 at *2 (S.S.A.); *see* C.F.R. § 416.913(d).

Contrary to Plaintiff's argument, the ALJ addressed the opinion of Dr. Lawson. He noted that Dr. Lawson assessed a 50-pound weight limit and that Plaintiff, himself, testified that he could lift 50 pounds. However, out of an abundance of caution, the ALJ incorporated a more restrictive 20-pound weight limit in the RFC determination. (R. 17, 227). Moreover, the ALJ found that the Plaintiff had few objective findings that would substantiate the level of pain that he alleges. When the ALJ reviewed the multiple assessments by the personnel with the Indian Health Care Resource Center, he found that these opinions appeared to be based solely on the subjective complaints of Plaintiff and that they did not appear to be based upon any significant objective testing. (R. 18). The ALJ did acknowledge the x-ray that showed Plaintiff had mild spondylotic degenerative disease with facet arthropathy and atherosclerosis, but found that the x-ray did not show the limitations that the Indian Health Resource Center personnel reported.  (R. 17, 18, 160).  In particular, the ALJ pointed out that, in the physical medical source statement, Dr. Lawson noted the subjective nature of Plaintiff's complaints.   (R. 18, 229).   A physician's reliance on a claimant's subjective assertions, rather than objective medical evidence, entitles the ALJ to give less weight to the physicians opinion.  See White v. Barnhart, 903, 907 (10th Cir. 2002).

The ALJ also noted that Plaintiff's treating physicians did not place any restrictions on his activities that would have prevented him from performing light work activity.  The ALJ acknowledged that Plaintiff may have limited his activities but that these limitations appear to be self-limited rather than forced upon him by his condition. (R.19).  The ALJ noted that, when Plaintiff testified, he estimated that he would be able to sit for only 10 minutes; however, Plaintiff sat throughout the hearing, which lasted approximately one hour. (R. 16).

Plaintiff also argues that the ALJ ignored the repeated complaints of and treatment for low back pain muscle spasm. However, the ALJ found that Plaintiff's complaint of back pain was credible, but Plaintiff still would be able to perform light work. (R. 17). The ALJ also noted the record failed to demonstrate the presence of any significant medical findings that would establish the existence of a pattern of pain of such severity as to prevent Plaintiff from working. (R.17). When the ALJ assessed Plaintiff's RFC, he specifically considered and noted the limitations that Plaintiff alleges to have. In the RFC, the ALJ gave detailed limitations that would allow the Plaintiff to perform simple, routine and repetitive work activity. (R. 15, 17). Therefore, the ALJ did not fail to include all of Plaintiff's physical limitations in the RFC.

**B.   Mental Residual Functional Capacity**

Plaintiff argues that the ALJ failed to include all of his mental limitations in his RFC assessment. In particular, Plaintiff faults the ALJ for coming to the conclusion that Plaintiff did not have a mental limitation. However, as the Commissioner points out, Plaintiff bears the burden of providing evidence of disabling functional limitations. *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004). Plaintiff argues that the record shows Plaintiff's attendance at counseling sessions which reflect diagnoses of anxiety and depression. The ALJ did acknowledge that Plaintiff had been treated for depression and anxiety; however, he found that Plaintiff was not under medical management for these conditions. (R.17).

Plaintiff also relies on the mental medical source statement, but this evaluation was performed by Norman Summers, a Licensed Social Worker level therapist. (*See* R. 204-207). While the opinion must be considered, it is not entitled to controlling weight because a social worker is not an "acceptable medical source." (R. 17, 19). The ALJ acknowledged

8

Mr. Summers' notation that Plaintiff's physical limitations prohibited him from full-time employment and precluded him from work with which he was familiar. (R.17). However, conclusions about physical limitations are completely outside the therapist's area of expertise and experience. (*Id.*) The ALJ found that the statement only meant Plaintiff was precluded from his past work, not all work. (*Id.*) Further, the state agency's physician opined that Plaintiff's mental condition was not severe and the ALJ found this opinion more in keeping with the lack of medical management. (R. 18).

Further, Plaintiff argues that, if the ALJ doubted the veracity of Mr. Summers' opinion, then he could have requested a psychological consultative examination. However, the record was sufficient for the ALJ to make his determination. In particular, he noted that when Plaintiff testified about his depression and anxiety, he stated that he was not taking any medications for these conditions. (R. 17, 250-52).[6] The ALJ found that the lack of medical management indicated a relatively benign condition. (R. 17).

Finally, Plaintiff argues that the ALJ should have resolved the conflicts between the opinions of Mr. Summers and the state agency's physician. Specifically, Plaintiff faults the ALJ for not properly assessing his moderate limitations and his marked limitation regarding the ability to respond appropriately to changes in the work setting. (R. 206). To the contrary, the ALJ did address these issues, but found that there was no evidence to support the

---

[6] Plaintiff testified that he was paranoid and that he was seeing someone at the Indian Health Service for counseling, but had not been given any medications. (R. 250). Later, however, he complained of side effects from Lorazepam, which he described as a stress medication. (R. 256). Despite this discrepancy in Plaintiff's testimony, the Court finds that, due to other considerations the ALJ discussed in his opinion, he did not err in assessing Plaintiff's allegations regarding his alleged anxiety and depression and the effect of these conditions on his ability to work.

therapist's findings. The ALJ also noted that the therapist's opinion seemed to contradict itself. The therapist assessed that Plaintiff showed significant deficits in attention, concentration, and the ability to make decisions. (R. 19, 204-07). However, the therapist concluded that Plaintiff would be able to handle his own funds, which the ALJ found to be inconsistent with the plethora of deficits that were listed. ( R. 19). In addition, the ALJ concluded that, given the severe limitations assessed by the therapist, Plaintiff would have had to be under medical management, but Plaintiff testified he was capable of operating both inside and outside his residence. (R. 19). Therefore, the ALJ did not fail to fully account for Plaintiff's alleged mental impairments.

## 5.  CONCLUSION

The Commissioner's decision denying Plaintiff's application for Social Security benefits shows that the correct legal principles have been followed and it is supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

It is so ordered this 28th day of July, 2008.

Sam A. Joyner
United States Magistrate Judge